IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. TAGGART, *Pro Se* | : | |
| Plaintiff | : | Civil Action No. 12-CV-0415 |
| v. | : | |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.* | : | |
| Defendants | : | |

## ORDER

And now, this _____ day of _____, 2012, upon consideration of the federal defendants' Motion to Have this Case Proceed Against the Federal Defendants, and any response filed thereto, it is hereby

## ORDERED

that the case shall proceed against the federal defendants.

BY THE COURT:

_____
HONORABLE J. WILLIAM DITTER, JR.
*Senior Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH J. TAGGART, *Pro Se* | : | |
| | : | |
| Plaintiff | : | Civil Action No. 12-CV-0415 |
| | : | |
| v. | : | |
| | : | |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.* | : | |
| | : | |
| Defendants | : | |

MOTION AND MEMORANDUM OF LAW OF THE UNITED STATES TO HAVE THE CASE PROCEED AGAINST THE FEDERAL DEFENDANTS

Plaintiff filed his amended complaint in this matter on April 22, 2012. On May 17, 2012, the federal defendants filed a motion to dismiss the complaint against them. On May 25, 2012, GMAC filed a Notice of Bankruptcy and Effect of Automatic Stay. In that pleading GMAC alleged that the "lawsuit and claims filed against GMAC must be stayed as to the Debtor pursuant to 11 U.S.C. § 362(a)." (GMAC Notice at ¶ 4).

The automatic stay arising from the bankruptcy should have no effect on the action against the federal defendants. The language of the statute is clear, Section 362(a) of the Code operates to stay the "commencement or continuation [action]....against the **debtor** that was or could have been commenced.....or to recover a claim against the debtor". Absent highly unusual circumstances, which we do not have here, Section 362(a) does not extend the automatic stay to non-bankrupt third parties. <u>McCartney v. Integra National Bank North,</u> 106 F.3d 506 (3d Cir. 1997). As the Third Circuit has stated, "it is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-

obligors, or others with a similar legal or factual nexus to the debtor." Id. at 509-510. See also United States v. Dos Cabezas Corp., 995 F. 2d 1486, 1491-93 (9th Cir. 1993) (stay does not preclude government from pursuing deficiency judgment of nondebtor cosignors of the promissory note); Croyden Associates v. Alleco, Inc., 969 F. 2d 675 (8th Cir. 1992) (refusing to extend stay to claims against solvent codefendants).

The Third Circuit in McCartney, supra, identified two "unusual situations" where the nondebtor is subject to an automatic stay of the codefendant. The automatic stay can be extended if 1) there is an identity between the bankrupt party and the other party such that a decision against the other party would in effect be a judgment of the bankrupt party; and 2) a stay is essential to the debtor's reorganization. Neither of these factors exist here. The claims against the two defendants presented in the complaint are distinct. The claims against GMAC revolve around putting Taggart in default on his mortgage, and the claims against the federal defendants revolve around taking Taggart off of the Appraiser's Roster. A judgment against the United States would not be a judgment against GMAC. See Belcufine v. Aloe, 112 F.3d 633, 636 (3d Cir. 1997). Additionally, there is no indication that a judgment against the federal defendants would in any way affect any reorganization which GMAC is contemplating. Therefore, the present complaint does not fall into any of the unusual circumstances which the Third Circuit has recognized as extending the bankruptcy stay to codefendants.

Wherefore, the federal defendants respectfully request that this Court order that the case proceed against them because the automatic stay granted to GMAC under § 362 is inapplicable to the federal defendants. Federal defendants further request that this Court consider the Motion to Dismiss filed by the federal defendants, which is pending.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

*/s/ Margaret L. Hutchinson*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

*/s/ Susan Dein Bricklin*
SUSAN DEIN BRICKLIN
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8318
Fax: (215) 861-8618

Date: 7/12/12

3

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing motion and memorandum of law to have the case proceed against the federal defendants to be served by first class mail, postage prepaid, upon the following:

>Kenneth J. Taggart
>45 Heron Road
>Holland, PA 19866
>*Pro se plaintiff*

>Maria T. Guerin, Esquire
>Reed Smith, LLP
>2500 One Liberty Place
>1650 Market Street
>Philadelphia, PA 19103
>*Counsel for defendant GMAC*

Susan Dein Bricklin
Assistant United States Attorney

Date: 7/12/12

4